**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Magdaleno Gonsales CAMPOS,
Defendant–Appellant.**

**No. 10–14087
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 22, 2011.

Anne R. Schultz, Kathleen M. Salyer, Wifredo A. Ferrer, U.S. Attorney, U.S.

Attorney's Office, Miami, FL, William T. Zloch, United States Attorney's Office, West Palm Beach, FL, for Plaintiff–Appellee.

Brenda G. Bryn, Federal Public Defender's Office, Ft. Lauderdale, FL, Kathleen M. Williams, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before BARKETT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Magdaleno Gonsales Campos appeals his 36–month sentence, imposed after he pled guilty to illegal reentry after previously being deported in violation of 8 U.S.C. § 1326(a) and (b)(2). Campos argues that he should not have received a 16–level enhancement under U.S.S.G. § 2L1.2(b) for having previously been deported after a felony conviction for a drug trafficking offense. He argues that his prior state conviction was not for a "drug trafficking offense," as defined by the Sentencing Guidelines, because "intent to distribute" is not an element of the North Carolina statute under which he was convicted.[1]

The district court properly held that Campos's objection to the 16–level enhancement was foreclosed by this Court's decision in *United States v. Madera–Madera*, 333 F.3d 1228 (11th Cir.2003), in which we expressly rejected the argument that § 2L1.2's definition of "drug trafficking offense" requires that intent to distrib-

---

1. We review "questions of law arising under the Sentencing Guidelines de novo." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir.2005) (quotation omitted). "Federal law, not state law, controls the application of the Sentencing Guidelines." *Madera–Madera*, 333 F.3d 1228, 1231 n. 2 (11th Cir.2003).

ute be an element of the statute of conviction, and held that "federal law [ ] permits an inference of intent to distribute from a defendant's possession of a significantly large quantity of drugs." *Id.* at 1233 (citation omitted). *See also United States v. James,* 430 F.3d 1150 (11th Cir.2005) (relying on *Madera–Madera* to hold that intent to distribute can be inferred from the defendant's possession of between 200 and 400 grams of cocaine).[2]

Campos was previously deported after a felony conviction for "trafficking in cocaine" by possessing "200 grams or more, but less than 400 grams," in violation of N.C. Gen.Stat. § 90–95(h)(3)(b). Accordingly, under *Madera–Madera* and *James,* the district court did not err in applying a 16–level enhancement to Campos's guidelines range under U.S.S.G. § 2L1.2(b).

**AFFIRMED.**

---

**2.** We recognize that the Fifth, Sixth, Ninth and Tenth Circuits disagree with our analysis in *Madera–Madera.* However, *Madera–Madera* and *James* are binding precedent in this Circuit, which we are bound to follow unless and until they are overruled en banc or by the Supreme Court. *See United States v. Smith,* 122 F.3d 1355, 1359 (11th Cir.2000).